IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRIN WRIGHT, | : |
|     Petitioner, | : |
| v. | :   Civ. Act. No. 10-702-LPS |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|     Respondents. | : |

### MEMORANDUM

### I. INTRODUCTION

Presently pending before the Court is Petitioner Jerrin Wright's Motion for Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b) ("Motion"), with respect to the dismissal of his habeas Petition in 2014. (D.I. 24) For the reasons discussed, the Court will deny the Motion.

### II. BACKGROUND

In December 2006, a Delaware Superior Court jury convicted Petitioner of second degree murder, first degree reckless endangering, and two counts of possession of a firearm during the commission of a felony. *See Wright v. State*, 994 A.2d 745 (Table), 2010 WL 2163851 (Del. May 10, 2010). He was sentenced to ninety-six years of incarceration. (D.I. 1 at 1) The Delaware Supreme Court affirmed Petitioner's convictions on direct appeal. *See Wright v. State*, 953 A.2d 144 (Del. 2008).

In January 2009, represented by counsel, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court initially denied the Rule 61 motion as conclusory, but permitted Petitioner to file an amended motion. *See In re Wright*, 2009 WL 3069574, at *2 n. 1 (Del. Super. Ct. 2009). Petitioner

filed an amended Rule 61 motion on March 30, 2009. The Superior Court denied the motion in September 2009, and the Delaware Supreme Court affirmed that decision. *See Wright v. State*, 994 A.2d 745 (Table), 2010 WL 2163851 (Del. May 27, 2010).

Thereafter, Petitioner, represented by counsel, timely filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asserting two ineffective assistance of counsel claims. (D.I. 1) The State filed its Answer (D.I. 9), to which Petitioner's counsel filed a Reply (D.I. 13). The Court denied the Petition in a Memorandum Opinion and Order dated March 24, 2014. (D.I. 15; D.I. 16) Petitioner's counsel passed away on June 14, 2014.[1] Petitioner filed the instant Motion to reopen his habeas proceeding in June 2015. (D.I. 17)

## III. LEGAL STANDARDS

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

## IV. DISCUSSION

Petitioner filed the instant Motion to Reopen pursuant to Rule 60(b)(1) - (6). However, given the lack of any identifiable ground for relief asserted in the Motion, the Court will treat the Motion as filed pursuant to Rule 60(b)(6), which is generally referred to as a catch-all provision because it permits a court to grant the motion for "any other reason that justifies relief" from the

---

[1] *See* Joseph M. Bernstein Obituary,
http://www.legacy.com/obituaries/delawareonline/obituary.aspx?pid=171356741

2

judgment. Fed. R. Civ. P. 60(b)(6). In the Motion, Petitioner states that he "is in receipt of [the] Court's Memorandum denying him habeas relief," but that nobody from his former attorney's office notified him that his attorney had passed way. (D.I. 17 at 2) Petitioner implies that he would have filed a motion for reconsideration at an earlier time if he had been informed of his attorney's death, and he asserts that he "wants to exercise his right to file" such a motion. (D.I. 17 at 2)

To the extent the instant Motion should be treated as a Rule 60(b)(6) Motion, it is denied. The bare-bones Motion does not assert any argument as to why the Court should reconsider or reopen his habeas proceeding, and the unfortunate passing of Petitioner's counsel two months after the denial of his habeas Petition does not justify reopening the case.

In addition, the Motion is untimely. A "motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Although there is no bright-line rule governing a "reasonable time," the Third Circuit has opined that a Rule 60(b)(6) motion "filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007). The petitioner bears the burden of proving the presence of extraordinary circumstances, *id.*, and such circumstances rarely occur in the habeas context, *see Gonzalez*, 545 U.S. at 535.

Here, Petitioner filed the Motion more than one year after the denial of his habeas Petition. Although Petitioner appears to assert that his late filing should be excused because he was not immediately informed of his attorney's death, the Court is not persuaded that this "delayed knowledge" constitutes an "extraordinary circumstance" excusing his delinquency. Petitioner received a copy of the Court's Memorandum and Opinion denying his Petition, and it appears that

3

the attorney's representation of Petitioner ceased when the Court denied the Petition.[2] Therefore, the Court cannot conclude that the attorney's death, which occurred two months after the Court denied the Petition, constitutes the rare extraordinary circumstance excusing Petitioner's failure to file the Motion within a reasonable time.

Finally, to the extent the instant Motion should be treated as a request for an extension of time to file his Rule 60(b)(6) motion, rather than as a substantive Rule 60(b)(6) motion, it is similarly denied. Pursuant to Federal Rule of Civil Procedure 6(b)(2), a "court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 60(b)(6) Motion. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Dated: March 14, 2016
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[2]Petitioner's deceased attorney was counsel of record in other cases that were pending in this Court at the time of his death. As a result, the Court is aware that a Receiver was appointed for Petitioner's former attorney's practice on June 18, 2014. *See Neal v. Pierce*, Civ. Act. No. 14-141-GMS, at D.I. 16. The Receiver identified and took possession of the attorney's active client files, and communicated with clients, opposing counsel, and tribunals. *See id.* The Receiver also engaged in "efforts to seek competent, willing counsel to substitute their appearances for that of" the attorney. *Id.* Given these circumstances, if Petitioner had retained his former attorney to pursue relief after the denial of his federal habeas Petition, the case would presumably have been an "active file," and the Receiver would have informed Petitioner about his attorney's death.